# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:12-CR-0009 |
| | : |
| v. | : (Judge Conner) |
| | : |
| **TRISTAN GREEN** | : |

## ORDER

AND NOW, this 17th day of December, 2012, upon consideration of defendant Tristan Green's motion for severance of counts (Doc. 94), and supporting brief (Doc. 95), and it appearing that multiple defendants may be joined in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," FED. R. CRIM. P. 8(b), and that "[a]ll defendants need not be charged in each count," id., and that while "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," Zafiro v. United States, 506 U.S. 534, 537 (1993), when joinder threatens to unfairly prejudice a defendant or the government, a district court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires," FED. R. CRIM. P. 14(a); see also United States v. Walker, 657 F.3d 160, 170 (3d Cir. 2011) ("While Rule 8 requires severance where defendants were improperly joined, Rule 14 permits a district court to sever properly joined defendants and order a separate trial where a consolidated trial appears to prejudice the defendant.") (internal citation and quotation marks omitted), but that severance is only proper when a defendant can "pinpoint clear and substantial prejudice" that would result from joinder, id., and

the court further noting that the prejudice inquiry depends heavily upon "whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility," United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005), and that when the charges against a defendant are "relatively straightforward and discrete," courts have generally recognized that juries will be able to compartmentalize the evidence, Walker, 657 F.3d at 170, and the court finding that in the instant matter, Green has been charged with three counts of armed bank robbery and three counts of use of a firearm during commission of a crime of violence, arising out of events that occurred on three specific dates, and that the charges in this case are sufficiently distinct and discrete that the jury will be able to compartmentalize the evidence against Green and his co-defendants, it is hereby ORDERED that the motion to sever is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge