# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **: 1:12-CR-0009** |
| | **:** |
| **v.** | **: (Chief Judge Conner)** |
| | **:** |
| **TRISTAN GREEN** | **: (Electronically Filed)** |

## MOTION TO CORRECT
## SENTENCE UNDER 28 U.S.C. § 2255

Petitioner, Tristan Green, through undersigned counsel, Melinda C. Ghilardi,

Esquire, First Assistant Federal Public Defender, respectfully files this motion to

vacate and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v.*

*United States*, 135 S. Ct. 2551 (June 26, 2015).[1]

## Procedural and Factual Background

On January 31, 2013, a jury found Mr. Green guilty of armed bank robbery

in violation of 18 U.S.C. § 2113(a) & (d), (Counts 1, 3, 5), and use of a firearm

during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(i), (Counts 2, 4,

6). A Presentence Report was prepared. Mr. Green's sentencing guideline range

---

[1] On November 6, 2015, Chief Judge Christopher C. Conner issued Standing Order 15-06 to appoint the Federal Public Defender's Office to represent all criminal defendants who were previously sentenced in the Middle District of Pennsylvania who may be eligible to seek a reduced sentence based upon the application of *Johnson* and to seek any sentencing relief for such persons by filing for federal habeas relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson* and by presenting any petitions, motions or applications relating thereto to the Court for disposition.

for the armed bank robbery counts, as a non-career offender, was determined to be 130 to 162 months based on an offense level of 27 and a criminal history category of VI.  Because he was convicted of three counts of violating 18 U.S.C. § 924(c), 25 years on each count, or 900 months, was added to the guideline range, resulting in a guideline range of 1,030 to 1,062 months.

On May 29, 2013, this Court sentenced Mr. Green to 1,030 months.  The sentence consisted of a term of imprisonment of 130 months on the armed bank robberies, Counts 1, 3 and 5, to be served concurrently with each other and a term of 300 months on each of the Section 924(c) charges, Counts 2, 4, and 6, to be served consecutively to each other and consecutively to the term imposed on Counts 1, 3 and 5.  Mr. Green is serving this federal sentence at the United States Penitentiary Lee, in Jonesville, Virginia.

On May 30, 2013, Mr. Green filed a direct appeal.  On April 22, 2014, the Third Circuit affirmed.  *United States v. Green*, 563 F. App'x 913 (3d Cir. 2014).

Mr. Green argues that because armed bank robbery is no longer a crime of violence following *Johnson*, his consecutive sentences on Counts 2, 4 and 6 based on 18 U.S.C. § 924(c) violate due process and should be vacated.[2]

---

[2] Because Mr. Green has previously filed a motion for extension of time to seek relief under 28 U.S.C. § 2255, (Doc. 294), out of an abundance of caution, he has

**Basis for 28 U.S.C. § 2255 Relief**

**I.     The Supreme Court's Decision in *Johnson* is Applicable to Other Residual Clauses in Addition to the Armed Career Criminal Act.**

On June 26, 2015, the Supreme Court declared that the residual clause of the Armed Career Criminal Act (ACCA), which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is "unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. The Court reasoned that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* Thus, "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications" and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States,* 131 S. Ct. 2267 (2011). 135 S. Ct. at 2561-63. Thus, this decision is applicable to residual clauses found in other contexts, including the residual clause of the definition of crime of violence within 18 U.S.C. § 924(c)(3)(B).

---

filed in the Court of Appeals for the Third Circuit an Application to File a Successive Motion to raise the within *Johnson* claim. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(C). This Motion has been attached as Exhibit 1 to that Application.

3

Pursuant to 18 U.S.C. § 924(c)(1)(A), any person who, during and in relation to any crime of violence for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime possesses a firearm shall receive an additional period of confinement to run consecutively to any other sentence imposed.   Within that statute, a crime of violence is defined as:

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Courts generally refer to the "(A)" clause as the "force clause" and to the "(B)" clause as the "residual clause."

Although *Johnson* addressed the residual clause in the ACCA, the residual clause in § 924(c) is substantially similar and suffers from the same flaws that compelled the Supreme Court to declare the ACCA residual clause void for vagueness.

To determine whether a conviction qualifies under any residual clause, a sentencing court must apply a "categorical approach" which requires the court to "compare the elements of the statute forming the basis of the defendant's

4

conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014)(quoting *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013)). The focus is on the elements of the statute and not the particular facts underlying the conviction. *Brown*, 765 F.3d at 189. A court must assess whether a crime qualifies "in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion." *Johnson*, 135 S. Ct. at 2557(quoting *Begay v. United States*, 553 U.S. 137, 1451 (2008)). "Deciding whether the residual clause covers a crime thus requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Johnson*, 135 S. Ct. at 2257 (citing *James v. United States*, 550 U.S. 192, 208 (2007)).

The Supreme Court concluded that searching for the "ordinary case" requires too much guesswork. 135 S. Ct. at 2560. The *Johnson* Court considered and rejected different ways of finding the "ordinary case." Specifically, the Court explained that a statistical analysis of reported cases, surveys, expert evidence, Google, and gut instinct are all equally unreliable in determining the "ordinary case." *Id.* at 2557 (quoting *United States v. Mayer*, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, J., dissenting from denial of rehearing en banc)). Although

5

earlier ACCA cases tried to rely on statistical analysis and "common sense," *Johnson* concluded that these methods "failed to establish any generally applicable test that prevents the risk comparison required by the residual clause from devolving into guesswork and intuition." *Id.* at 2559 (referring to *James v. United States*, 550 U.S. 192, 208 (2007), *Chambers v. United States*, 555 U.S. 122 (2009), and *Sykes v. United States*, 564 U.S. 1 (2011)).

Thus, *Johnson* not only invalidated the ACCA residual clause, but it invalidated the "ordinary case" analysis and statutory provisions that compel such an analytical framework. The residual clause in § 924(c) requires this same impossible "ordinary case" analysis. The court is required to evaluate an offense "by its nature" and not by the elements. Following *Johnson*, such an evaluation of an "ordinary case" is no longer permitted and the residual clause of § 924(c)(3)(B) is void for vagueness for the same reasons that the ACCA residual clause is void.

Following *Johnson*, some courts have already found the residual clause in 18 U.S.C. § 924(c) void for vagueness. *See United States v. Bell*, ___ F. Supp. 3d. ___, No. 15-CR-00258, 2016 WL 344749 (N.D. Cal. 2016); *United States v. Lattanaphom*, ___ F. Supp. 3d. ___, No. 2:99-00433, 2016 WL 393545 (E.D. Cal. 2016); *United States v. Edmundson*, ___ F. Supp. 3d ___, No. 8:13-CR-0015, 2015 WL 9311983 (D. Md. 2015). *But see United States v. Taylor*, ___ F.3d ___, No.

09-5517, 2016 WL 537444 (6th Cir. 2016)(finding the residual clause in Section

924(c)(3)(B) distinguishable from the residual clause of the ACCA). Other courts

have held the identical residual clause in the definition of crime of violence at 18

U.S.C. § 16 void for vagueness. *See Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir.

2015); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015).

**II.     In Light of *Johnson*, Mr. Green's Instant Offenses of Armed Bank
         Robbery Are Not Crimes of Violence.**

Following *Johnson*, the residual clause may not serve as a legal basis for

finding that Mr. Green has been convicted of a crime of violence. To qualify as a

crime of violence under 18 U.S.C. § 924(c)(3)(A), the crime must qualify under the

force clause and have as an element the use, attempted use, or threatened use of

physical force against the person or property of another.

With regard to the force clause, the 2010 *Johnson* decision of the Supreme

Court is instructive. The Court defined "physical force" under the identical ACCA

force clause to mean strong, "*violent* force—that is, force capable of causing

physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133,

140 (2010)(emphasis in original). The Supreme Court analyzed the phrase

"actually and intentionally touching" in a case involving a Florida battery statute

and rejected the contention that it had "as an element the use, attempted use, or

7

threatened use of physical force against the person of another."  The Court found,

relying on Florida Supreme Court's precedent, that "the element of 'actually and

intentionally touching' under Florida battery law is satisfied by *any* intentional

physical contact, 'no matter how slight.'" *Id.* at 138 (citation omitted)(emphasis in

original).  In analyzing "physical force," the Supreme Court concluded that the

definitions of the term "suggest a degree of power that would not be satisfied by

the merest touching." *Id.* at 139.  The Court noted that the word "violent"

connotes a substantial degree of force and using the adjective "violent" to modify

the word "felony," clearly suggested "strong physical force." *Id.* at 140.  The

Court concluded that Florida battery was not a "violent felony" under the ACCA.

Armed bank robbery, as defined by 18 U.S.C. § 2113(a) and (d), does not

categorically qualify as a crime of violence under the force clause because it can be

accomplished by intimidation, which does not require the use, attempted use or

threatened use of "violent force."  Bank robbery can also be accomplished by

entering a bank with the intent to commit any felony affecting such bank in

violation of any statute of the United States or any larceny.  The statutory

definition of bank robbery provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to
> take, from the person or presence of another, or obtains or attempts to obtain
> by extortion any property or money or any other thing of value belonging to,

or in the care, custody, control, management, or possession of, any bank, credit union or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

The plain language of the statute provides that the offense can be accomplished by the act of intimidation or the act of entering a bank with the intent to commit a larceny, which has no element of force at all. These acts do not require the use or threatened use of "violent force." *See United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012)(finding that the threat of any physical injury, even serious bodily injury or death, does not necessarily require the use of physical force—let alone "violent force"). Because the full range of the conduct covered by the bank robbery statute does not require "violent force," it simply cannot qualify as a "crime of violence."

Subsection (a) of the bank robbery statute is divisible by the two separate paragraphs; however, Mr. Green contends that the first paragraph is not further divisible into separate elements because "by force and violence, or by

9

intimidation" sets forth alternative means of committing the crime, rather than alternative elements. *But see United States v. Strong*, No. 3:15-CR-0187, 2015 WL 6394327, *3 (W.D.N.C. Oct. 21, 2015)(finding that the force and violence element is clearly divisible from the intimidation element as evidenced by Congress's use of the disjunctive "or"). Typically the United States Attorney's Office in this District charges defendants with bank robbery "by force, violence *and* by intimidation." In fact, in Mr. Green's case he was charged with bank robbery "by force, violence and intimidation." (Doc. 62). Where a statute does not require juror unanimity on a fact, that fact "is not an element, or an alternative element." *Descamps*, 133 S. Ct. at 2293. Moreover, use of the disjunctive "or" is not sufficient to make a crime divisible. *See Brown*, 765 F.3d at 191 (quoting *United States v. Cabrera-Umanzor*, 728 F.3d 347, 352 (4th Cir. 2013)). Because the statute is indivisible, the modified categorical approach is not applied and the inquiry ends.[3] *Brown*, 765 F.3d at 191.

_____

[3] Mr. Green reserves the right to make any other argument applicable following the decision of the United States Supreme Court in *Mathis v. United States*, No. 15-6092 (cert. granted Jan. 19, 2016, argument April 26, 2016). In *Mathis*, the Court is expected to decide whether the modified categorical approach may be used whenever there is an "or" between the methods of committing the offense or whether it may be used only when those methods are actually elements.

Armed bank robbery, references the subsection for bank robbery and includes further elements.  The subsection provides:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title, or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d).  A person's life may be put in jeopardy by the use of a dangerous weapon or device without actual use of violent physical force.  *See United States v. Perez-Vargas*, 414 F.3d 1282, 1286 (10th Cir. 2005)(bodily injury can be caused without the use of force by, for example, intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals).

Courts that have ruled on the issue since *Johnson* have found that bank robbery under 18 U.S.C. § 2113(a) and armed bank robbery under 18 U.S.C. § 2113(d) satisfy the force clause and are crimes of violence.  *See, e.g., United States v. King*, No. 2:15-CR-0088, 2016 WL 1271387 (M.D. Pa. April 1, 2016)(Munley, J.)(agreeing with the government pretrial that armed bank robbery is a crime of violence); *United States v. Cunningham*, No. 14-CR-509-1, 2016 WL 687902 (N.D. Ill. Feb. 19, 2016)(relying on Seventh Circuit precedent to find that bank robbery is a crime of violence); *United States v. Green*, No. 15-0526, 2016

11

WL 277982 (D. Md. Jan. 22, 2016)(finding that armed bank robbery is a crime of violence); *see also United States v. Strong*, No. 3:15-CR-0187, 2015 WL 6394327 (W.D.N.C. Oct. 21, 2015)(finding under Fourth Circuit precedent that armed bank robbery is a crime of violence but not willing to go so far as to conclude that the term "intimidation" would always amount to "force and violence").  Since neither the United States Supreme Court nor the Third Circuit has addressed this issue, Mr. Green continues his challenge, arguing that the first paragraph of the statute is indivisible, that intimidation does not satisfy the force clause and that a person's life may be put in jeopardy with a dangerous weapon without the use of violent physical force.  If armed bank robbery is not a crime of violence, Mr. Green's consecutive term of 900 months imposed on Counts 2, 4 and 6 must be vacated.[4]

III.    **Mr. Green Is Entitled to Resentencing Pursuant to 28 U.S.C. § 2255.**

        A.    **Mr. Green's Sentence Was Imposed "In Violation of the Constitution or Laws of the United States" and Violates Due Process, Warranting Relief Under 28 U.S.C. § 2255.**

        A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution or laws of the United States."  28

---

[4] Mr. Green reserves the right to make any other argument applicable following the decision of the United States Supreme Court in *Mathis*.

U.S.C. § 2255(a).  In *Johnson*, the United States Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law."  135 S. Ct. at 2557.  As set forth above, *Johnson*'s constitutional holding regarding the ACCA's residual clause applies equally to the residual clause in 18 U.S.C. § 924(c).

At the time of his sentencing Mr. Green's instant offense was considered a crime of violence for purposes of his consecutive sentences under 18 U.S.C. § 924(c).  However, following *Johnson*, armed bank robbery is not a crime of violence.  Thus, his sentence is now in violation of the Constitution of the United States and violates due process pursuant to *Johnson*.  Mr. Green has been prejudiced by the increase in his sentence in violation of the Constitution's prohibition of vague criminal laws.  His claim for relief is cognizable under the plain language of 18 U.S.C. § 2255(a).  *See United States v. Doe*, 810 F.3d 132 (3d Cir. 2015)(finding that a claim under *Begay v. United States*, 535 U.S. 137 (2008) involving the mandatory sentencing guidelines is cognizable in a motion to vacate sentence under 28 U.S.C. § 2255).  *See also United States v. Maurer*, 639 F.3d 72 (3d Cir. 2011)(permitting a vagueness challenge to the sentencing guidelines pre-*Johnson*).

**B.** **The Rule Announced in *Johnson* Applies Retroactively on Collateral Review.**

This Court must give retroactive effect to new substantive rules of constitutional law. *Teague v. Lane*, 489 U.S. 288 (1989); *Montgomery v. Louisiana*, 136 S. Ct. 718, 729-30 (2016). On April 18, 2016, the United States Supreme Court held in an ACCA case that *Johnson* is a new substantive rule that is retroactive to cases on collateral review. *Welch v. United States*, 578 U.S. ___, No. 15-6418, 2016 WL 1551144 (April 18, 2016).

The residual clause in the ACCA is similar to the residual clause found in 18 U.S.C. § 924(c). The Third Circuit has recognized that under *Teague*, "either a rule is retroactive or it is not." *United States v. Doe*, 810 F.3d 132, 154 n.13 (3d Cir. 2015). Following *Welch*, this Court should apply *Johnson* retroactively to Mr. Green.

**C.** **Mr. Green's Claim is Timely.**

A motion to vacate, set aside or correct a sentence is subject to a one-year limitations period. 28 U.S.C. § 2255(f)(1). A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized the right asserted and made it

14

retroactively applicable to cases on collateral review; or (4) the petitioner could have discovered, through due diligence the factual predicate for the motion. The United States Supreme Court decided *Johnson* on June 26, 2015, recognizing a new rule that is substantive and that is retroactive to cases on collateral review. Mr. Green is filing his motion within one year of that date.[5]

## Conclusion

Mr. Green is entitled to relief under 28 U.S.C. § 2255 because, in light of *Johnson*, his sentence violates due process of law. This Court should vacate the

---

[5] In April, 2016, Mr. Green submitted to the Third Circuit Court of Appeals his application to file a successive motion under 28 U.S.C. § 2255 to raise the within *Johnson* claim. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(C).

judgment in his case, set aside his conviction and sentence on Counts 2, 4 and 6

and resentence him on the remaining counts.

Respectfully submitted,

Date: June 22, 2016

*s/Melinda C. Ghilardi*

**Melinda C. Ghilardi, Esquire**
**First Assistant Federal Public Defender**
**Attorney I.D. # PA40396**

201 Lackawanna Avenue, Suite 317
Scranton, PA 18503-1953
(570) 343-6285
FAX (570) 343-6225
melinda_ghilardi@fd.org
Attorney for Tristan Green

## CERTIFICATE OF SERVICE

I, Melinda C. Ghilardi, First Assistant Federal Public Defender, do hereby

certify that the **Motion to Correct Sentence Under 28 U.S.C. § 2255**, filed

through the ECF system, will be sent electronically to the registered participants as

identified on the Notice of Electronic Filing:

Eric Pfisterer, Esquire
Assistant United States Attorney

Daryl Ford Bloom, Esquire
Assistant United States Attorney

and by placing the same in the United States Mail, first class in Scranton,

Pennsylvania, addressed to the following:

Mr. Tristan Green

Date:  June 22, 2016          *s/Melinda C. Ghilardi*
                              **Melinda C. Ghilardi, Esquire**
                              **First Assistant Federal Public Defender**