UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | NO. 1:12-CR-0009 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **TRISTAN GREEN** | : | (Electronically Filed) |

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S SUPPLEMENTAL MOTION TO
CORRECT SENTENCE UNDER 28 U.S.C. § 2255

The Government through its counsel, David J. Freed, United States Attorney for the Middle District of Pennsylvania and Daryl F. Bloom, Assistant United States Attorney, files the following in opposition to the defendant's Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255.[1]

Introduction

Petitioner, Tristan Green, was found guilty of three counts of armed bank robbery (Counts 1, 3 and 5) and three counts of brandishing

---

[1] The Opposition is in response to the Court's Order, dated April 1, 2020. The United States did not deem the Supplemental Motion as a Pretrial motion under Local Rule 7.5. Green was convicted and sentenced in 2013 and his action is a collateral attack of that conviction. Additionally, the United States initially deemed the Supplemental Motion to be a Reply Brief requiring leave of Court in order to file a response. *See* Local Rule of Court 7.32.

a firearm during a crime of violence. (Rec. Doc. No. 226). After the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), Green now seeks to vacate his previous sentence by arguing that his conviction on Counts 1, 3 and 5 included aiding and abetting armed bank robbery, which he claims is not a crime of violence. However, even after the <u>Davis</u> decision, a conviction of aiding and abetting armed bank robbery still qualifies as a crime of violence under the categorical approach. Therefore, this Court should deny the petition for relief under 28 U.S.C. § 2255.

## <u>Factual Background</u>

On November 14, 2007, an armed bank robbery was committed at the Sovereign Bank in York, Pennsylvania, by Nijul Alexander and Tristan Green, both of whom were wearing Halloween masks and carrying handguns. PSR ¶ 6. While Alexander remained on the lobby floor, Green vaulted the counter and began to shout orders. *Id.* The men ordered the employees and customers to the floor at gunpoint and forced the tellers to place the money into a backpack. Green and Alexander fled the bank with $35,063. *Id.*

A cooperating defendant identified Green as the individual who entered the bank and Jamal Stubbs as the getaway driver. PSR ¶ 8. Based upon interviews, agents learned that Green had committed two other armed bank robberies. The dates of those robberies were September 20, 2007, and December 6, 2007. PSR ¶ 9.

On September 20, 2007, Green and Alexander robbed the Heritage Valley Credit Union in York, Pennsylvania. PSR ¶ 10. The two entered the credit union with handguns and with bandanas over the lower haif of their faces. *Id.* One of the perpetrators pointed his gun in the face of one of the tellers as he demanded money from her. *Id.* The robbers stated, "Don't move, no one gets hurt," and the tellers were warned not to include bait money. *Id.* Green and Alexander fled the bank with $187,911.45. *Id.*

On December 6, 2007, an armed bank robbery was committed by Alexander and Green at the Sovereign Bank in Harrisburg, Pennsylvania. PSR ¶ 11. Alexander and Green carried handguns. *Id.* Green vaulted the counter and ordered the tellers to give them money. Alexander carried a duffel bag, which he said contained a bomb. *Id.* Green, while on top of the teller counter, pointed his gun at the

head of a female teller and instructed her to put the money in the bag. *Id.* Green was described as being in charge, and Alexander as taking orders from him. *Id.* Green and Alexander fled from the bank with $29,258. *Id.*

## Procedural Background

On January 25, 2012, Green and three codefendants were charged in a six-count indictment. Rec. Doc. No. 1. Green was named in Counts 1 (armed bank robbery) and 2 (use of a firearm during a crime of violence). On January 30, 2012, Green appeared before the Magistrate Judge, entered a plea of not guilty, and was ordered detained. (Rec. Doc. Nos. 20, 21 and 22).

On August 29, 2012, a 12-count Superseding Indictment was filed charging Green with two additional counts each of armed bank robbery (Counts 3 and 5) and use of a firearm during a crime of violence (Counts 4 and 6).

The case went to trial. On January 31, 2013, a jury returned a verdict of guilty on all six counts in the indictment. (Rec. Doc. No. 179).

A Presentence Report was ordered and prepared. Green's offense level was 27 and his Criminal History Category was VI. His

applicable guidelines range was 130-162 months' imprisonment for Counts 1, 3 and 5. PSR ¶ 62 and 63. Counts 2, 4 and 6 carried a mandatory term of imprisonment of 25 years on each count, for a total mandatory consecutive term of 75 years. PSR ¶ 64.

On May 29, 2013, Green was sentenced to 1030 months' imprisonment. (Rec. Doc. 226). On April 22, 2014, the Third Circuit affirmed this Court's judgment. (Rec. Doc. 290).

## Legal Standard

Title 28 U.S.C. § 2255 permits federal prisoners the ability to attack the validity of their convictions and sentences, but generally is reserved to curing errors that were jurisdictional, rose to the level of a constitutional violation, resulted in a "complete miscarriage of justice," or led to proceedings that were "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (citations omitted); *see also United States v. Addonizio*, 442 U.S. 178, 185–86 (1979); *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Without a jurisdictional or constitutional error, "the scope of collateral attacks has remained far more limited." *Addonizio*, 442 U.S. at 185; *see also Sunal v. Large*, 332 U.S. 174, 182

(1975) ("Wise judicial administration of the federal courts counsels against" allowing the writ of habeas corpus to be used for a new proceeding from time to time, "as the legal climate change[s].").

"Generally, if a prisoner's § 2255 [motion] raises an issue of material fact, the district court must hold a hearing to determine the truth of the allegations." *Essig*, 10 F.3d at 976 (citations omitted). However, the court is not required to hold a hearing if the motion, files, and records of the case conclusively show that Green is not entitled to relief. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts; *United States v. Tolliver,* 800 F.3d 138, 141 (3d Cir. 2015).

## Discussion

### A. GREEN'S CONVICTIONS FOR ARMED BANK ROBBERY/AIDING AND ABETTING ARMED BANK ROBBERY ARE CRIMES OF VIOLENCE UNDER § 924(C)(3)(A).

In his supplemental motion Green argues that that due to the Supreme Court's ruling in Davis v. United States, 139 S. Ct. 2319 (2019), his conviction for Armed Bank Robbery/aiding and abetting

6

cannot be a crime of violence.[2] Therefore, according to Green, his sentence should be vacated. However, even after the Davis decision, and even if Green's conviction was for aiding and abetting Armed Bank Robbery, the conviction qualifies as a crime of violence under the elements clause of Section 924(c). It does not matter if Green was convicted as a principal or as an aider and abettor. Aiding and abetting is not a separate crime, but rather a theory of liability. Under Title 18, United States Code, Section 2, one who aids and abets a crime is guilty as a principal. Therefore, Green's motion should be denied.

Section 924(c) provides for a mandatory minimum consecutive sentence where a defendant uses or carries a firearm during and in relation to a predicate "crime of violence." The statute defines a crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person of property of another ("the elements clause"); or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ("the residual clause").

---

[2] The facts presented during trial clearly show that Green was not only one of the individuals who went into the bank, he also pointed a gun at bank employees. The evidence shows that Green was found guilty of the underlying offense, which is clearly a crime of violence.

18 U.S.C. § 924(c)(3).

The bank robbery statute states that it is unlawful for anyone "by force and violence, or by intimidation" to take any property or money from a bank. 18 U.S.C. § 2113(a). Clearly, the bank robbery committed at gunpoint "has as an element the use, attempted use of threatened use of physical force against the person or property of another."

In <u>Davis</u>, the Supreme Court invalidated the residual clause of § 924(c)(3) as unconstitutionally vague. 139 S. Ct. 2319 (2019). Count 1 charged all four individuals involved with the bank robbery and included both Armed Bank Robbery and Aiding and Abetting Armed Bank Robbery. Both statutes were combined into a single Count. *See* Rec. Doc. No. 201. Therefore, according to Green, it cannot be said which of these ways to commit armed bank robbery constituted the "crime of violence" for § 924(c), so this Court must consider the least culpable act. Here, the least culpable act, they claim, is Aiding and Abetting Armed Bank Robbery, as neither of the parties appear to disagree that armed bank robbery is a crime of violence under the

8

elements clause. United States v. Wilson, 880 F.3d 80 (3d Cir. 2018); United States v. Johnson, 899 F.3d 991 (3d Cir. 2018)).

However, Green's argument stems from a fundamental misunderstanding of aiding and abetting liability. The aiding and abetting statute, 18 U.S.C. § 2, states that a person who "aids, abets, counsels, commands, induces, or procures" the commission of a federal offense "is punishable as a principal." As the Supreme Court has recognized, under § 2, "those who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime." Rosemond v. United States, 134 S. Ct. 1240, 1245 (2014) (quoting Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 181 (1994)). Thus aiding and abetting under Section 2 "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." United States v. Sosa, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotation marks omitted).

Under this statute, the acts of the principal become those of the aider and abettor as a matter of law. Accordingly, courts have uniformly

9

recognized that aiding and abetting is merely a means of committing an offense. *See, e.g.*, United States v. Cooper, 375 F.3d 1041, 1049 (10th Cir. 2004) ("[I]t is well established that aiding and abetting is not an independent crime under 18 U.S.C. § 2; it simply abolishes the common-law distinction between principal and accessory."); United States v. Garcia, 400 F.3d 816, 820 (9th Cir. 2005) ("Aiding and abetting is simply one means of committing a single crime. Indeed, we have often referred to aiding and abetting as a theory of liability"); United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010) ("Section 2 does not itself create a separate offense but is a theory of liability."); United States v. McGee, 529 F.3d 691, 695-96 (6th Cir. 2008) (holding that aiding and abetting is a theory of liability "embodied in every federal indictment, whether specifically charged or not," and not a distinct substantive crime). As such, a defendant need not even be charged with aiding and abetting under § 2 in order to be convicted on that theory. United States v. Donahue, 885 F.2d 45, 48 (3d Cir. 1989). Instead, aiding and abetting is implied in every indictment for a substantive offense. United States v. Frorup, 963 F.2d 41, 52 n.1 (3d Cir. 1992).

Here, Green was charged in Counts 1, 3 and 5 with Armed Bank Robbery and aiding and abetting. In order to convict Green of this offense, the jury must have found Green guilty as a principal or under an aiding and abetting theory of liability. While the jury had to unanimously agree that the defendant was guilty of the offenses charged in Counts 1, 3 and 5, it did not need to unanimously agree on the theory of liability, that is, that Green himself committed the bank robbery offenses (which the evidence clearly shows he did), or that he aided and abetted the commission of the offenses. *See, e.g.,* United States v. Washington, 127 F.3d 510, 513-14 (6th Cir. 1997) (finding that special unanimity instruction was not required where the government presented alternative theories of liability as to the defendant's participation in two drug transactions, that as a principal and as an aider and abettor); Garcia, 400 F.3d at 820 (because aiding and abetting is not a separate and distinct offense from the underlying substantive crime, but is a different theory of liability for the same offense, "the government had no obligation to elect between charging a substantive offense and charging liability on an aiding and abetting theory, nor was the district court obliged to give a specific unanimity instruction"). *See*

11

*also* Schad v. Arizona, 501 U.S. 624 (1991) (plurality opinion) (jurors are not required to agree unanimously on alternative means of committing a crime).

While the evidence is clear that Green was a principal, the fact that Green may have been found guilty of Armed Bank Robbery under an aiding and abetting theory of liability is of no consequence to the determination of whether this offense qualifies as a crime of violence under Section 924(c)'s elements clause. Green is guilty as a principal regardless of the theory of liability. Where, as here, the Armed Bank Robbery was committed by Green brandishing a gun, and Green was found guilty of both Armed Bank Robbery/Aiding and Abetting and the related Section 924(c) offense for each of the three armed bank robberies, the jury necessarily found that the Armed Bank Robbery involved the "use, attempted use, or threatened use of physical force against the person or property of another." United States v. Robinson, 844 F.3d 137, 143 (3d Cir. 2016).

Applying the categorical approach, the Eleventh Circuit held that a conviction for aiding and abetting Hobbs Act robbery qualified as a "crime of violence" under Section 924(c)(3)(A). In re Colon, 826

F.3d 1301, 1305- 07 (11th Cir. 2016). The Eleventh Circuit noted that the substantive offense, Hobbs Act robbery, has as an element the use, attempted use, or threatened use of physical force against another, and this same conclusion extends to those convicted of Hobbs Act robbery under an aiding and abetting theory. 826 F.3d at 1305. The court explained:

> Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery. And because the substantive offense of Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person or property of another, ... then an aider and abettor of a Hobbs Act robbery necessarily commits a crime that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.

Id. at 1305 (citations and quotation marks omitted).

Applying similar reasoning, the Tenth Circuit held that aiding and abetting a federal bank robbery was a violent felony under the elements clause of Section 924(e) (the Armed Career Criminal Act). United States v. Deiter, 890 F.3d 1203 (10th Cir. 2018). Noting that aiding and abetting "is not a separate crime but simply eliminates the legal distinction between aiders and abettors and principals," it stated

13

that "it makes sense to look to the underlying statute of conviction, rather than § 2, to decide whether the elements clause is satisfied." *Id.* at 1215-16.

In *Johnson v. United States*, 774 F. appx. 334 (8th Cir. 2019)(unpublished), the Eighth Circuit affirmed a Section 924(c) conviction where the predicate offense was aiding and abetting armed bank robbery. In United States v. Tibbs, 685 F. App'x 456 (6th Cir. 2017) (unpublished), the Sixth Circuit, applying plain error review, affirmed a Section 924(c) conviction where the predicate offense was aiding and abetting Hobbs Act robbery, noting that there was no case holding that aiding and abetting Hobbs Act robbery was not a crime of violence under Section 924(c)'s elements clause. The court further noted that it had held that conspiracy to commit Hobbs Act robbery was a crime of violence, and that the Eleventh Circuit in Colon had concluded that aiding and abetting Hobbs Act robbery was a crime of violence. *Id.* at 465.

Furthermore, the Third Circuit recently concluded that aiding and abetting Hobbs Act robbery is a crime of violence under the categorical

14

approach in a non-precedential decision. United States v. McKelvey, 773 Fed.App'x 74 (3d Cir. 2019) (non-precedential). The Court stated:

> It does not matter whether [Defendant] was convicted as a principal or as an aider and abettor to Hobbs Act robbery because, under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal. Aiding and abetting is not a separate crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense. His conviction for aiding and abetting is therefore treated as a conviction for the crime. Because we have held that where a jury convicts a defendant of both Hobbs Act robbery and brandishing a gun, the Hobbs Act robbery conviction qualifies as a crime of violence under the elements clause 18 U.S.C. § 924(c)(3)(A)…

Id. (external citations omitted).

The Third Circuit has clearly established Armed Bank Robbery as a crime of violence. *See United States v. Johnson*, 899 F.3d 191 (3d Cir. 2018) (holding that Armed Bank Robbery qualifies as a crime of violence under the categorical approach). Thus, applying the categorical approach to Green's conviction, it does not matter whether the "crime of violence" for § 924(c) purposes was the Armed Bank Robbery or aiding and abetting Armed Bank Robbery, as the result is the same: each of Green's three convictions qualify as a crime of violence under the elements clause of § 924(c).

15

## Conclusion

For all of the reasons set forth, Green's motion for relief pursuant to 28 U.S.C. § 2255 should be denied.

Respectfully submitted,

Dated: April 2, 2020

s/ Daryl F. Bloom
Daryl F. Bloom
Assistant United States Attorney
Daryl.Bloom@usdoj.gov

PA73820

228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108
717/221-4482 (Office)
717/221-2246 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:12-CR-0009 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| TRISTAN GREEN | : | electronically filed |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this Thursday, April 2, 2020, he served a copy of the attached

GOVERNMENT RESPONSE TO DEFENDANT'S
MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

by email to the address stated below:

Frederick W. Ulrich
Fritz_Ulrich@fd.org

s/ Daryl F. Bloom
DARYL F. BLOOM
Assistant United States Attorney
