IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:12-CR-9** |
| : | |
| v. : | (Judge Conner) |
| : | |
| **TRISTAN GREEN (3),** : | |
| : | |
| **Defendant** : | |

### MEMORANDUM

In January 2013, a jury convicted defendant Tristan Green of three counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and three counts of using, carrying, and brandishing a firearm during those armed bank robberies in violation of 18 U.S.C. § 924(c)(1)(A). Green moves the court pursuant to 28 U.S.C. § 2255 for *vacatur* of all three Section 924(c) convictions based on the United States Supreme Court's decision in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019). We conclude that Davis has no application to Green's convictions and sentence and will accordingly deny Green's Section 2255 motions.

I.   **Factual Background & Procedural History**

On January 25, 2012, a federal grand jury returned a six-count indictment charging Green and three others with armed bank robbery and firearms offenses. The grand jury returned a superseding indictment on August 29, 2012, renumbering certain offenses and adding others. The superseding indictment charged Green as follows:

- in Count I, armed bank robbery on September 20, 2007, in violation of 18 U.S.C. § 2113(a) and (d), 18 U.S.C. § 2, and Pinkerton v. United States, 328 U.S. 640 (1946);

- in Count II, use of a firearm in furtherance of a crime of violence (armed bank robbery) on September 20, 2007, in violation of 18 U.S.C. § 924(c)(1)(A) and Pinkerton;

- in Count III, armed bank robbery on November 14, 2007, in violation of 18 U.S.C. § 2113(a) and (d), 18 U.S.C. § 2, and Pinkerton;

- in Count IV, use of a firearm in furtherance of a crime of violence (armed bank robbery) on November 14, 2007, in violation of 18 U.S.C. § 924(c)(1)(A) and Pinkerton;

- in Count V, armed bank robbery on December 6, 2007, in violation of 18 U.S.C. § 2113(a) and (d), 18 U.S.C. § 2, and Pinkerton; and

- in Count VI, use of a firearm in furtherance of a crime of violence (armed bank robbery) on December 6, 2007, in violation of 18 U.S.C. § 924(c)(1)(A) and Pinkerton.

(Doc. 62).

Green and one other codefendant proceeded to a jury trial on January 28, 2013. After four days of evidence and three hours of deliberation, the jury found Green guilty on all six counts. (See Doc. 179). On each of the robbery counts, the jury found that Green "did commit the crime of armed bank robbery . . . or aided and abetted another in the commission of armed bank robbery." (Id. at 1, 2, 3). Likewise, on the firearm counts, the jury found that Green "or a coconspirator did knowingly carry, use, and brandish a firearm during and in relation to a crime of violence, namely bank robbery, or aided and abetted another in carrying, using, and brandishing a firearm during and in relation to a crime of violence." (Id.)

The court sentenced Green to an aggregate term of 1,030 months' imprisonment, consisting of 130 months on each of the armed bank robbery counts to be served concurrently, and three 25-year mandatory minimum terms on

each of the Section 924(c) counts, required by statute to be served consecutively to each other and to all other counts. (Doc. 226). Green appealed his convictions to the Third Circuit Court of Appeals, and the Third Circuit affirmed on April 22, 2014. See United States v. Green, 563 F. App'x 913 (3d Cir. 2014) (nonprecedential).

In July 2015, days before the one-year limitations period for filing a Section 2255 motion expired, Green moved the court for an extension of the Section 2255 deadline, asserting that an institutional lockdown prevented him from preparing a timely postconviction motion. (Doc. 294). We denied that motion, (see Doc. 295), and the Third Circuit denied Green's request for a certificate of appealability, see United States v. Green, No. 15-2962 (3d Cir. Dec. 1, 2015).

Green filed a Section 2255 motion (Doc. 331) through appointed counsel on June 22, 2016, invoking the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). Green's appointed counsel applied to the Third Circuit for authorization to proceed with a second or successive motion in this court and, at Green's request, we stayed his motion while the Third Circuit considered his application. (Doc. 334). Proceedings here and in the court of appeals then remained stayed while the Johnson progeny unfolded. See Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257 (2016); Sessions v. Dimaya, 584 U.S. ___, 138 S. Ct. 1204 (2018); United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019).

On August 15, 2019, the Third Circuit granted Green's application (along with the applications of approximately 200 other defendants) for leave to proceed with his second or successive Section 2255 motion in this court. *In re* Green, No. 16-2079 (3d Cir. Aug. 15, 2019) (citing *In re* Matthews, 934 F.3d 296 (3d Cir. 2019)).

3

We thereafter entered this judicial district's standing order appointing counsel to file on Green's behalf any supplemental Section 2255 motion that may be warranted based on the Supreme Court's Davis decision. (Doc. 391). Appointed counsel filed a supplemental motion on March 13, 2020, and that motion is fully briefed. (See Docs. 398, 400, 401).

## II.   Standard of Review

Under Section 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

**III.** **Discussion**

Green filed the instant motions seeking to vacate his Section 924(c) convictions and consecutive mandatory minimum sentences.[1] Section 924(c) establishes enhanced punishments for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The length of the mandatory minimum term depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). Id. § 924(c)(1)(A)(i)-(iii). An individual like Green who violates Section 924(c) after sustaining a prior conviction under that section is subject to a consecutive 25-year mandatory minimum term for each subsequent violation. Id. § 924(c)(1)(C)(i).

A felony offense is a "crime of violence" for purposes of Section 924(c) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," id. § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," id. § 924(c)(3)(B).

---

[1] Green's counsel applied to the Third Circuit for leave to file a second or successive petition, presumably as a protective measure in the event we construed Green's July 2015 request for extension of time as an initial Section 2255 motion. The Third Circuit granted that application. See In re Green, No. 16-2079 (3d Cir. Aug. 15, 2019). Because our order denying Green's motion for extension of time made clear our view that the motion "cannot fairly be construed as a timely § 2255 motion," (Doc. 295 at 4), we consider the instant Section 2255 motion to be Green's first. Accordingly, the gatekeeping requirements of Section 2255(h) do not apply. See 28 U.S.C. § 2255(h). We also assume without deciding that Green's motion is not barred on nonjurisdictional grounds of untimeliness or procedural default. See United States v. Doe, 810 F.3d 132, 153-54 (3d Cir. 2015); United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005).

Courts refer to these clauses as the "elements clause" and the "residual clause," respectively. United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017), abrogated on other grounds by Davis, 139 S. Ct. 2319.

Green's postconviction arguments have been a moving target. Initially, Green relied on the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which struck down the Armed Career Criminal Act's crime-of-violence residual clause as unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Green argued that the residual clause of Section 924(c) is virtually identical to the Armed Career Criminal Act's residual clause and that Johnson's rationale thus applies with equal force to invalidate the residual clause of Section 924(c). (Doc. 331 at 3-7). Green further argued that a conviction for armed bank robbery does not qualify as a predicate crime of violence under Section 924(c)'s elements clause, effectively eliminating both clauses as support for his three firearm convictions. (See id. at 7-12).

The case law has evolved since Green filed his initial motion. In 2018, the Third Circuit held that both armed bank robbery under 18 U.S.C. § 2113(d) and unarmed bank robbery under 18 U.S.C. § 2113(a) qualify categorically as crimes of violence for purposes of Section 924(c)'s elements clause. United States v. Johnson, 899 F.3d 191, 202-04 (3d Cir. 2018) (citing United States v. Wilson, 880 F.3d 80, 84-85 (3d Cir. 2018)). Then in 2019, the Supreme Court decided United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019), which invalidated Section 924(c)'s residual clause as unconstitutionally vague. Davis, 139 S. Ct. at 2336.

Green's legal arguments have morphed in a transparent effort to take advantage of these recent decisions. Specifically, Green contends that Davis eliminates the residual clause as a vehicle for qualifying his armed-bank-robbery convictions as predicate crimes of violence. (See Doc. 398 at 8). And ostensibly in response to the Third Circuit's Johnson decision, Green has adapted his elements-clause argument: he contends that his armed bank robbery convictions still cannot qualify as predicate crimes of violence under that clause because it is unclear whether the jury convicted him as a principal or on aiding-and-abetting or Pinkerton theories of liability. (See id. at 11-18).

The parties seem to agree that, because the jury's verdict is nonspecific, we must determine, using the categorical approach, whether the least culpable act contemplated by the verdict qualifies as a crime of violence. (See id. at 13-14; Doc. 400 at 8); see also United States v. Pepper, 899 F.3d 211, 232-33 (3d Cir. 2018); Johnson, 899 F.3d at 203 (quoting Wilson, 880 F.3d at 84). To apply the categorical approach, we "compare the elements of the statute under which the defendant was convicted to the [Section 924(c)] definition of crime of violence." Johnson, 899 F.3d at 203 (quoting Wilson, 880 F.3d at 83). Our focus is on "the statutory definitions— *i.e.*, the elements" of the offenses at issue, "*not* . . . the particular facts underlying [the defendant's] convictions." Id. (quoting Descamps v. United States, 570 U.S. 254, 261 (2013) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990))).

Against this backdrop, we consider whether the least culpable offenses contemplated by the jury's verdict—*viz.*, aiding and abetting armed bank robbery

7

and vicarious coconspirator liability for armed bank robbery—qualify as predicate crimes of violence under Section 924(c)'s elements clause.

### A. Aiding and Abetting

Green asserts that, while armed bank robbery may be a crime of violence, aiding and abetting that offense is not. (Doc. 398 at 14-17). Specifically, he posits the use, attempted use, or threatened use of physical force is not an element of the crime of *aiding and abetting* armed bank robbery. (Id. at 15-16). At first blush, this argument is appealing: the Supreme Court has said that a person can be liable for aiding and abetting an offense if he "(1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission," Rosemond v. United States, 572 U.S. 65, 71 (2014) (citation omitted), and neither of these two elements incorporate the use, attempted use, or threatened use of physical force. The trouble with this argument is that it conflates theories of criminal responsibility (principal versus accomplice) with the substantive offense of conviction (armed bank robbery).

The Third Circuit has not addressed, in a precedential opinion, whether a defendant who aids and abets a crime of violence has committed a crime of violence for purposes of Section 924(c). It has, however, issued a nonprecedential decision on the subject. Less than a year ago, in United States v. McKelvey, 773 F. App'x 74 (3d Cir. 2019), a panel of the court of appeals concluded that aiding and abetting Hobbs Act robbery qualifies as a crime of violence to the same extent as Hobbs Act

robbery itself.[2] McKelvey, 773 F. App'x at 75. The court explained that it "does not matter" whether a defendant is convicted as a principal or as an aider and abettor since, "under the aiding and abetting statute, a person who 'aids, abets, [or] counsels' the commission of a federal offense 'is punishable as a principal.'" Id. (quoting 18 U.S.C. § 2) (alteration in original). The court emphasized, as the government does here, that aiding and abetting "is not a separate crime" but "an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense." Id. (citation omitted).

The Third Circuit's nonprecedential decision in McKelvey is in accord with the robust consensus of other circuit courts to address the issue. In *In re* Colon, 826 F.3d 1301 (11th Cir. 2016), the Eleventh Circuit explained that "an aider and abettor of Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery" for purposes of Section 924(c)'s elements clause. *In re* Colon, 826 F.3d at 1305. The Sixth Circuit reached the same result in United States v. Richardson, 948 F.3d 733 (6th Cir. 2020), stating that "it makes no difference" in an elements-clause analysis whether the defendant is convicted as a principal or as an aider and

---

[2] We recognize that Davis has reopened debate, at least in the Third Circuit, as to whether Hobbs Act robbery qualifies as a crime of violence under the elements clause of Section 924(c). See United States v. Copes, No. 19-1494 (3d Cir.) (appeal pending as to whether Hobbs Act robbery is a crime of violence); United States v. Corley, No. 18-3633 (3d Cir.) (same question as to both Hobbs Act robbery and aiding and abetting Hobbs Act robbery). Davis, however, does not disturb McKelvey's separate reasoning on the nature of aiding-and-abetting liability. And we find that reasoning, albeit nonbinding, to be persuasive: it is cogent, compelling, and consonant with the decisions of every other circuit court to address the issue. See *infra* at 9-10.

abettor. Richardson, 948 F.3d at 741-42. Likewise is the result in the First Circuit, which said in United States v. Garcia-Ortiz, 904 F.3d 102 (1st Cir. 2018), that an aider and abettor is "no different for purposes of the categorical approach than one who commits the substantive offense." Garcia-Ortiz, 904 F.3d at 109. And in United States v. Deiter, 890 F.3d 1203 (10th Cir. 2018), the Tenth Circuit observed that, because there is no "legal distinction" between aiders and abettors and principals, "it makes sense to look to the underlying statute of conviction"—there, unarmed bank robbery in violation of 18 U.S.C. § 2113(a)—and not the aiding-and-abetting statute. Deiter, 890 F.3d at 1214-16. Other circuits have echoed this reasoning in nonprecedential opinions. See, e.g., United States v. Brayboy, 789 F. App'x 384, 385 (4th Cir. 2020) (aiding and abetting Hobbs Act robbery); Johnson v. United States, 774 F. App'x 334, 334-35 (8th Cir. 2019) (aiding and abetting armed bank robbery); United States v. Grissom, 760 F. App'x 448, 454 (7th Cir. 2019) (aiding and abetting Hobbs Act robbery).

We agree with the *ratio decidendi* of these courts. Green was convicted of armed bank robbery in violation of 18 U.S.C. § 2113(d), and the Third Circuit has conclusively determined that armed bank robbery is a crime of violence under Section 924(c)'s elements clause. See Johnson, 899 F.3d at 202-04. Whether Green was convicted as an aider and abettor or as the principal is of no moment: either way, he is treated as having personally committed the substantive offense of armed bank robbery. See McKelvey, 773 F. App'x at 75; see also Rosemond, 572 U.S. at 70 (aiding-and-abetting statute "reflects a centuries-old view of culpability: that a person may be responsible for a crime he has not personally carried out if he helps

10

another to complete its commission" (citation omitted)).  Thus, assuming *arguendo* that the jury convicted Green of armed bank robbery on an aiding-and-abetting theory, those convictions qualify as predicate offenses under Section 924(c)'s elements clause.[3]

### B. Pinkerton Liability

Green also challenges his armed bank robbery convictions to the extent they may have been premised on a Pinkerton theory of liability.  (See Doc. 398 at 17-18).  Green claims that it is unclear whether the jury convicted him of armed bank robbery, aiding and abetting armed bank robbery, or "conspiracy to commit armed bank robbery," (id. at 11-14), and that "[c]onspiracy is not a 'crime of violence'" since "one can conspire to violate federal law without intentionally using violent physical force," (id. at 17-18).  This argument fundamentally misapprehends the nature of a Pinkerton conviction: it is not a conviction for *conspiring* to commit

---

[3] The only authority identified by Green (other than the dissent in In re Colon) is the Ninth Circuit's decision in United States v. Innie, 7 F.3d 840 (9th Cir. 1993).  The court in Innie held that a conviction under the accessory-after-the-fact statute, 18 U.S.C. § 3, does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 16, which supplies the definition of "crime of violence" for many federal statutes.  (Doc. 398 at 15 (citing Innie, 7 F.3d at 850)).  An accessory after the fact is materially different from an aider and abettor.  An aider and abettor facilitates the principal's commission of the underlying offense and is "punishable as a principal."  18 U.S.C. § 2(a); see also United States v. Nolan, 718 F.2d 589, 592 (3d Cir. 1983) (quoting Nye & Nissen v. United States, 336 U.S. 613, 619 (1949)).  An accessory after the fact becomes involved *after* the offense has been committed and is generally subject to "one-half" the punishment of the principal.  18 U.S.C. § 3; see United States v. Cabrales, 524 U.S. 1, 7-8 (1998).

an offense; it is a conviction for *committing* that offense based on a theory of vicarious coconspirator liability.[4]

Under the Pinkerton doctrine, which takes its name from the Supreme Court's decision in Pinkerton v. United States, 328 U.S. 640 (1946), a defendant "may be held responsible for the substantive crimes committed by a co-conspirator in furtherance of the conspiracy, even if [he] neither participates in the crimes nor has any knowledge of them." United States v. Gonzalez, 918 F.2d 1129, 1135 (3d Cir. 1990) (citing Pinkerton, 328 U.S. at 646-47). The doctrine establishes a "theory of liability," United States v. Lopez, 271 F.3d 472, 480 (3d Cir. 2001), not a separate offense. Like aiders and abettors, defendants convicted of a substantive crime on a Pinkerton theory are treated as if they had committed that crime themselves. See United States v. Bailey, 840 F.3d 99, 112 (3d Cir. 2016) (quoting Gonzalez, 918 F.2d at 1135); United States v. Casiano, 113 F.3d 420, 427 (3d Cir. 1997) (same).

Green's argument thus flows from a flawed premise: that the jury's verdict may rest on a nonviable predicate conviction for conspiracy to commit armed bank robbery. (Doc. 398 at 11-14). But Green was not convicted of conspiring to commit armed bank robbery; he was convicted of committing armed bank robbery as either a principal, an aider and abettor, or a vicariously liable coconspirator. (See Doc. 179 at 1, 2, 3). We reject Green's attempt to conflate a substantive armed-bank-robbery conviction based on Pinkerton liability with a conviction for conspiracy to commit that offense. See, e.g., Corbett v. United States, No. 3:16-CV-330, 2020 WL 1495456,

---

[4] The government fails to respond to Green's argument concerning Pinkerton liability. (See generally Doc. 400).

at *5 (W.D.N.C. Mar. 26, 2020) (holding that Pinkerton instruction did not convert qualifying Hobbs Act robbery conviction into nonqualifying Hobbs Act conspiracy conviction), appeal filed, No. 20-6754 (4th Cir. May 21, 2020).

The only authority identified by Green on this subject is inapposite. Green cites United States v. Berry, No. 3:09-CR-19, 2020 WL 591569 (W.D. Va. Feb. 6, 2020), where the court held that the defendant's Section 924(c) conviction had to be vacated because the jury's verdict contemplated either attempt to commit Hobbs Act robbery or conspiracy to commit Hobbs Act robbery, the first of which might have been a crime of violence and the second of which the Fourth Circuit has said is not. Berry, 2020 WL 591569, at *3 (citing United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*)). Berry is obviously distinguishable. That case concerned the freestanding substantive crimes of attempting and conspiring to commit Hobbs Act robbery. See id.; see also 18 U.S.C. § 1951(a). Green has not been convicted of attempting or conspiring to commit any crime; he was convicted of committing armed bank robbery in violation of 18 U.S.C. § 2113(d), a crime which categorically qualifies as a crime of violence. See Johnson, 899 F.3d at 202-04.

## IV.   Conclusion

Section 924(c)'s elements clause does not differentiate between principal, aider and abettor, and vicariously liable coconspirator. In other words, it matters not how a defendant commits a qualifying crime of violence, only whether a jury finds that he committed it. Armed bank robbery is categorically a crime of violence for purposes of the elements clause of Section 924(c), see Johnson, 899 F.3d at 202-

04, and the jury convicted Green of three counts of armed bank robbery, (see Doc. 179 at 1, 2, 3).  We thus hold that Green's armed bank robbery convictions qualify as crimes of violence under Section 924(c)'s elements clause.

Accordingly, Green is not entitled to Section 2255 relief based on the Supreme Court's decision in Davis.  We will deny Green's motions to vacate and correct sentence pursuant to 28 U.S.C. § 2255.  We will likewise deny a certificate of appealability, as Green has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   June 17, 2020