UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

TRISTAN GREEN

Case No. 1:11-CR-361, 1:12-CR-9

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED without prejudice after complete review of the motion on the merits.

    ☒ FACTORS CONSIDERED (Optional)

The defendant has not established extraordinary and compelling reasons for compassionate release at this time. Taking his medical arguments first, we note that the defendant recently tested positive for the COVID-19 virus and, fortunately, has experienced only mild symptoms. While reinfections have been reported, they remain rare. We also note that, despite his alleged concern with reinfection and his claim that the virus presents such a risk to his health that we must release him from prison immediately, the defendant refused a COVID-19 vaccine. (Doc. 451-1 at 46). It is of course his right to do so, but we cannot ignore that choice in our analysis.

As for the defendant's legal argument, we recognize that some courts have found that a substantial change in the law--specifically, the First Step Act's elimination of the Section 924(c) stacking penalty for contemporaneous convictions--can justify compassionate release. But even if we were to agree with those courts (and we express no opinion either way), the defendant concedes that application of the First Step Act here would still mean a 28-year mandatory minimum sentence for him (seven years per each of four convictions), which must be served after his 276-month sentence for the four underlying bank robberies. To be sure, a 28-year mandatory minimum penalty is drastically lower than the 82-year mandatory minimum the defendant is serving now. But this is not a scenario, as in other cases, where application of today's sentencing laws would result in a time-served (or even close to time-served) sentence.

The Section 3553(a) factors also do not support a sentence reduction. The defendant was convicted for his role in four armed bank robberies. As noted at sentencing in both cases, these were violent offenses where firearms were brandished and victims were traumatized. And these were not his first violent crimes: the defendant's record includes convictions for other armed robberies and for assaulting a federal officer. Prior prison terms clearly were not a deterrent, nor were periods of supervision, which the defendant violated in committing the instant offenses. We will not foreclose the defendant from seeking compassionate release sometime well into the future. But we find no basis to accelerate his anticipated December 30, 2102 release date at this time.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: February 8, 2021

                                           /s/ Christopher C. Conner
                                           Christopher C. Conner
                                           United States District Judge
                                           Middle District of Pennsylvania